UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY BEEDLE,

       Plaintiff,                      CIVIL ACTION NO. 05 CV 70430 DT

v.                              DISTRICT JUDGE ARTHUR J. TARNOW

DR. DOANE, *et al.*,              MAGISTRATE JUDGE VIRGINIA M. MORGAN

       Defendants.
_____/

## REPORT AND RECOMMENDATION

### I.  Introduction

Plaintiff, an inmate at the G. Robert Cotton Correctional Facility (JCF), Jackson, Michigan, filed suit under 42 U.S.C. § 1983 alleging that defendant Doane was deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment to the United States Constitution.  Plaintiff has also alleged a state law gross negligence claim against defendant Doane.  The matter comes before the court on defendant Doane's Motion for Summary Judgment Pursuant to Federal Rules of Procedure 8 and 12(a)(b)(c) or in the alternative Rule 56(b) and (c) of the Federal Rules of Civil Procedure.  For the reasons stated herein, the court recommends that the motion be **DENIED**.

**II.  Background**

The facts alleged in the complaint regarding plaintiff's Eighth Amendment and gross negligence claims are as follows: On March 27, 2003, plaintiff tripped on an extension cord while working in the prison complex and sustained an injury to his knee.  An ambulance was called, and plaintiff was transported to the emergency room at Duane L. Waters Hospital.  Plaintiff was diagnosed with a possible rupture of the quadriceps muscle and tendon of the right knee.  The emergency room physician noted that plaintiff was in pain and could not lift his right leg with his knee extended or while in a supine position.  Plaintiff was given a "wheelchair detail," and the physician recommended that plaintiff be seen by an orthopedic specialist as soon as possible.  Plaintiff was then discharged back to JCF.  That same day, the JCF Medical Service Provider faxed a CMS Authorization Request to CMS Regional Headquarters indicating that plaintiff needed an orthopedic consultation as soon as possible.

On March 28, 2003, plaintiff was seen by a JCF nurse practitioner (NP), who noted that plaintiff had a suspected quadriceps tear, with no diagnostic confirmation.  The nurse practitioner further noted that defendant Dr. DeMasi and JCF physician Dr. Antonini had discussed the case and that instructions were given to send plaintiff to the Foote Hospital emergency room for an orthopedic evaluation.  The NP also noted that plaintiff was unable walk, unable to bend his right knee, and was experiencing pain.

That same day, a CMS representative contacted the JCF Medical Services Provider about the urgent orthopedic referral, stating that Dr. Mishra, an orthopedic specialist, was on vacation until some time in April and, therefore, that no immediate orthopedic appointment would be

available. The nurse practitioner then contacted defendant Dr. Doane's office for an urgent referral. Dr. Doane was notified of the situation, and a copy of the Duane L. Waters emergency room record was faxed to him. After reviewing the record, Dr. Doane indicated that he felt plaintiff could wait until Dr. Mishra returned from vacation for further orthopedic consultation.

Later that day plaintiff was transported to the Foote Hospital Emergency Room and was evaluated by Dr. Nao, an orthopedic surgeon. Dr. Nao diagnosed a partial quadriceps tear and recommended that he follow up with Dr. Mishra in one week. Dr. Nao further recommended that plaintiff use a splint and crutches. Upon his return to JCF, plaintiff was assigned a wheelchair.

On March 31, 2003, plaintiff was seen again by a JCF nurse practitioner. The nurse practitioner noted that Dr. Antonini had spoken with Dr. DeMasi regarding Dr. Nao's diagnosis and that Dr. DeMasi had indicated that plaintiff could await Dr. Mishra's return from vacation for further orthopedic consultation.

Plaintiff was finally seen by Dr. Mishra on April 23, 2003. Dr. Mishra noted that he had been on vacation but that defendant Dr. Doane was supposed to be covering for him. He did not know why plaintiff was not referred to Dr. Doane. Dr. Mishra further noted that upon examination, plaintiff's knee was found to be grossly swollen, with an appreciable defect between his quadriceps and the patella, that plaintiff could not raise his leg with his knee extended, and that knee extension was grossly weak. Dr. Mishra diagnosed a complete rupture of the right quadriceps tendon and concluded that plaintiff's knee needed immediate surgical attention. Dr. Mishra performed the necessary surgery on April 26, 2003. He indicated that the tissue was in poor condition, that the suture ends were friable, and that it was likely that plaintiff

would suffer permanent weakness of the tendon. Plaintiff was discharged back to JCF on April 28, 2003.

Plaintiff was seen by Dr. Mishra on May 28, 2003 for a post-surgical examination. Dr. Mishra indicated that plaintiff's prognosis remained guarded, that the healing process would be slow due to the fact that plaintiff was grossly obese and diabetic, and that there was a possibility of a re-rupture of the tendon due to the poor condition of the knee tissue.

### III. Discussion

#### A. Standard of Review

By the title of his motion, Dr. Doane suggests that he is seeking dismissal under Fed.R.Civ.P. 12 and Fed.R.Civ.P. 56. However, he has discussed neither of these rules, nor the applicable legal standards, in his motion or brief. Further, plaintiff has loosely used terminology suggestive of both a motion to dismiss for failure to state a claim under Rule 12(b)(6) and a motion for summary judgment under Rule 56. Thus, the basis of Dr. Doane's motion is not altogether clear. However, Dr. Doane appears to rely entirely on the facts set forth in the complaint in seeking dismissal, contending that they state neither a deliberate indifference claim nor a gross negligence claim. Accordingly, the court will treat his motion as one for dismissal pursuant to Rule 12(b)(6).[1]

---

[1]To the extent Dr. Doane seeks summary judgment pursuant to Rule 56, he has plainly failed to satisfy his "initial burden of informing the...court of the basis for [his] motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts." Rodgers v. Banks, 344 F.3d 587, 595 (6th Cir. 2003). Dr. Doane has pointed to nothing in the record, such as it is, demonstrating that he is entitled to summary judgment. Rather, he relies entirely on perceived shortcomings in the allegations of plaintiff's complaint.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must "[construe] the complaint in the light most favorable to the plaintiff[] and [accept] as true all well-pleaded factual allegations." Cooper v. Parrish, 203 F.3d 937, 944 (6th Cir. 2000). "Dismissal is not appropriate unless it appears beyond doubt that plaintiff[] can prove no set of facts in support of [his] claims that entitle [him] to relief." Id.

**B.  Section § 1983 Claim**

Plaintiff alleges that Dr. Doane's failure to examine his knee and to perform surgery or to otherwise provide treatment in a timely manner constituted deliberate indifference to his serious medical needs.  As the Supreme Court stated in Farmer v. Brennan, 511 U.S. 825, 828, 114 S.Ct. 1970, 1974 (1994)(citations omitted), "[a] prison official's "deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."  In the medical care context, the deliberate indifference test has both an objective and a subjective component. Talal v. White, 403 F.3d 423, 426 (6th Cir. 2005).  To satisfy the objective component, the inmate must demonstrate that his medical needs were "'sufficiently serious.'" Id. (quoting Hunt v. Reynolds, 974 F.2d 734, 735 (6th Cir. 1992).  To satisfy the subjective component, the inmate must demonstrate that "the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir. 2001).  "[A]cting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." Farmer, 511 U.S. at 836, 114 S.Ct. at 1978. Thus, allegations of negligence or malpractice are insufficient to state an Eight Amendment

violation, as are allegations demonstrating a mere difference in opinion between the inmate and prison officials regarding the proper course of care.  Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct 285, 292; see also Parra-Soto v. Campbell, 73 Fed.Appx. 86, 21375376 WL 2003 (6th Cir.(Tenn.))("Parra-Soto's difference of opinion regarding his diagnosis and treatment simply does not amount to an arguable Eighth Amendment claim of deliberate indifference to a serious medical need").

### (1) Objective Component

In the recent case of Johnson v. Karnes, 398 F.3d 868, 874 (6th Cir. 2005)(citations omitted), the Sixth Circuit stated that following with respect to the objective component of the deliberate indifference test:

> Where the seriousness of a prisoner's need for medical care is obvious even to a lay person, the obviousness is itself sufficient to satisfy the objective component of the adequate medical care test. However, if the need involves minor maladies or non-obvious complaints of a serious need for medical care, the inmate must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment.

As discussed below, plaintiff has alleged sufficient facts to satisfy the objective component of the deliberate indifference test under either of these standards.

According to the allegations of the complaint, an ambulance was called shortly after plaintiff tripped and fell, and he was then transported to the Duane Waters Hospital Emergency room for examination.  Thus, it was apparently obvious to prison officials that plaintiff's knee condition was sufficiently serious to warrant immediate medical attention.  Upon arrival at the hospital, the emergency room physician diagnosed plaintiff with a possible tear of the quadriceps

muscle and/or tendon of the right knee, noting that plaintiff was in pain and that he could not raise his right leg in a supine position.  Plaintiff was discharged in a wheelchair and was advised to seek an orthopedic consultation as soon as possible.  The following day, a nurse saw plaintiff and noted in his medical record that plaintiff could not walk, that he was unable to bend his right knee, and that he was in pain.  That same day, plaintiff was taken to a hospital for an orthopedic consultation.  The orthopedic doctor suspected that plaintiff had a partial quadriceps tear.  Three days later, a nurse examined plaintiff, finding that his right knee was swollen and tender and that plaintiff could not straighten it.  Given the condition of plaintiff's knee, his inability to walk, his complaints of pain, and his restriction to a wheelchair, it would have been obvious to even a lay person that plaintiff was in need of further medical attention, and this was borne out by the fact that Dr. Mishra performed surgery within days of first examining plaintiff's knee.  See, e.g., Johnson v. Stempet, 2005 WL 119575 at *3 (E.D. Pa. 2005)("Even without the medical records confirming Plaintiff's knee injury and the necessity of surgery, a lay person could reasonably conclude from the swelling, pain, and limited motion that some manner of medical treatment was needed").  Further, plaintiff alleges that when Dr. Mishra finally saw him, Dr. Mishra diagnosed a complete tear of the quadriceps tendon and indicated that he would be permanently disabled if he did not receive immediate surgical intervention.  See Johnson, 398 F.3d at 874-874 (quoting affidavit stating that "it is common medical knowledge...that severed tendons must be repaired in a timely manner, because over time the severed tendons will retract, and may become irreparable").  Plaintiff has also alleged that he remains wheelchair bound and that he is permanently disabled as a result of the approximately one month delay in receiving surgical

attention. Thus, there are facts alleged indicating that the delay in treatment either resulted in permanent damage to his knee or placed plaintiff at a greater risk for such damage.

Based on the foregoing, the court finds that the allegations of the complaint, taken as true for the purposes of this motion, are plainly sufficient to satisfy the objective component of the deliberate indifference test.

### (2) Subjective Component

Defendant Doane contends that plaintiff's allegations establish, at most, medical malpractice and, therefore, that he cannot be held liable under § 1983. As discussed above, it is well established that allegations of medical malpractice are insufficient to state a claim of deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. at 106, 97 S.Ct at 292. Certainly, Dr. Doane's decision that plaintiff could await Dr. Mishra's return for further treatment may have been eminently reasonable or, at worst, a negligent failure to appreciate the seriousness of plaintiff condition. However, it cannot be said at this juncture that plaintiff could prove no set of facts consistent with his claim that Dr. Doane was deliberately indifferent to his medical needs.

From the allegations of the complaint, it may be inferred that Dr. Doane was aware, at a minimum, that plaintiff's injury was of sufficient concern to warrant a trip to the emergency room, that he had been diagnosed with a possible tear of the quadriceps muscle and/or tendon, that he had been given a wheelchair, and that an immediate orthopedic consultation was recommended. Thus, Dr. Doane had information before him indicating that plaintiff had sustained more than a mere *de minimis* injury. Further, as evidenced by Dr. Mishra's subsequent

actions, surgical intervention was, in fact, necessary.  Whether further examination, surgery, or some other form of treatment was necessary at the time Dr. Doane reviewed plaintiff's medical records and whether Dr. Doane had the means to determine whether further examination or treatment was necessary cannot be ascertained from the pleadings alone.  Again, Dr. Doane's decision, based on the information he had at his disposal at the time, may have been entirely reasonable.  However, if Dr. Doane had sufficient information to ascertain that a delay in treatment might be detrimental to plaintiff's health in the long term, or if he declined to conduct a further examination despite knowledge of facts indicating that plaintiff might be seriously injured, his failure to take any further action could rise to the level of deliberate indifference.  The court finds that the allegations of the complaint are sufficient to satisfy the subjective component of the deliberate indifference test.

Based on the foregoing, the court finds that plaintiff has alleged sufficient facts to satisfy both the objective and subjective components of the deliberate indifference inquiry and, therefore, that he has stated an Eighth Amendment claim on which relief may be granted.

### C.  Gross Negligence Claim

Plaintiff alleges that Dr. Doane's conduct, in addition to constituting an Eighth Amendment violation, constitutes gross negligence, as defined in § 7 of Michigan's governmental tort liability act (GTLA), M.C.L.A. 691.1407.[2]  Dr. Doane contends that plaintiff's state law claim must be dismissed because plaintiff failed to serve him with a notice of intent to

---

[2]M.C.L.A. 691.1407 defines "gross negligence" as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results."

file a claim and failed to file with the court an affidavit of merit, as required by Michigan's medical malpractice statute, M.C.L.A. 600.2912 *et seq*.

Section 600.2912b(1) of the medical malpractice statute states the following:

> Except as otherwise provided in this section, a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced.

Further, § 600.2912(d)(1), provides, in part:

> Subject to subsection (2), the plaintiff in an action alleging medical malpractice or, if the plaintiff is represented by an attorney, the plaintiff's attorney shall file with the complaint an affidavit of merit signed by a health professional who the plaintiff's attorney reasonably believes meets the requirements for an expert witness under section 2169.

As is evident from the above-quoted language, these sections apply to *medical malpractice* actions brought under Michigan law. Plaintiff has not alleged a medical malpractice action. Rather, he has alleged a claim of gross negligence under the GTLA. There is nothing in the language of either the GTLA or § 600.2169 *et seq*. providing that the notice of intent to sue and affidavit of merit requirements of the latter apply to a gross negligence claim brought under the former by an inmate, and Dr. Doane has provided the court with no authority to that effect. Accordingly, the court finds that plaintiff's failure to serve Dr. Doane with a notice of intent to file a claim and his failure to file an affidavit of merit do not warrant dismissal of his gross negligence claim.

### IV.  Conclusion

For the reasons stated above, the court recommends that Dr. Doane's motion to dismiss be **DENIED**.  The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

   s/Virginia M. Morgan  
   VIRGINIA M. MORGAN  
Dated:   May 12, 2005              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LARRY BEEDLE,

        Plaintiff,                      CIVIL ACTION NO. 05 CV 70430 DT

   v.                                  DISTRICT JUDGE ARTHUR J. TARNOW

DR. DOANE, *et al.*,               MAGISTRATE JUDGE VIRGINIA M. MORGAN

        Defendants.
_____/

## **REPORT AND RECOMMENDATION**

---

**Proof of Service**

The undersigned certifies that a copy of the foregoing report and recommendation was served on Larry Beedle and the attorneys of record herein by electronic means or U.S. Mail on May 12, 2005.

                                s/Jennifer Hernandez
                                Case Manager to
                                Magistrate Judge Morgan