UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY BEEDLE,

       Plaintiff,                                    Case No. 05-70430

v.                                                HONORABLE ARTHUR J. TARNOW
                                                      UNITED STATES DISTRICT JUDGE

DR. DEMASI, *et al.*,

                                                       MAGISTRATE JUDGE
       Defendant.                               VIRGINIA M. MORGAN
_____/

**ORDER ADOPTING MAGISTRATE'S REPORTS & RECOMMENDATIONS [31 & 39];REJECTING MAGISTRATE'S REPORT & RECOMMENDATION [45];GRANTING DEFENDANTS CMS & HUTCHINSON'S MOTION TO DISMISS [2]; DENYING DEFENDANT DOANE'S MOTION FOR SUMMARY JUDGMENT [17]; AND DENYING DEFENDANTS KRUG & JCF HEALTH CARE'S MOTION TO DISMISS [30] AND DOANE'S JOINDER [33]**

       Before the Court are three Magistrate Judge's Reports and Recommendations (R & R) [31, 39, & 45]. The Magistrate's first R & R recommends that this Court deny Defendant Doane's Motion for Summary Judgment [17]. The second R & R recommends that Defendants CMS & Craig Hutchinson's Motion to Dismiss [2] be granted. The Magistrate's final R & R recommends that this Court grant both Defendants Krug & JCF Health Care's Motion to Dismiss [30] and Defendant Doane's Joinder [33] for Plaintiff's failure to exhaust his retaliation claim. This exhaustion problem caused the Magistrate to recommend dismissing Plaintiff's entire complaint without prejudice citing *Jones Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005).

       Having reviewed the file, the R & R's, the motions, and the objections, this Court **ADOPTS** two of the Magistrate's Reports and Recommendations [31 & 39] as the findings and conclusions of the Court. Accordingly, Defendant CMS and Hutchinson's Motion to Dismiss [2] is **GRANTED**. Defendant Doane's Motion for Summary Judgment[17] is **DENIED**.

       The Court **REJECTS** the Magistrate's final Report and Recommendation [45]. This Court finds that *pro se* litigant Beedle's retaliation claim has been exhausted. Courts should liberally construe the complaints of *pro se* plaintiffs and should not hold such complaints to the same stringent standard as formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S.

*Beedle v. DeMasi* 05-70430

519, 520, 30 L. Ed. 2d 652, 92 S. Ct. 594 (1972).  Although *pro se* litigant Mr. Beedle fails to state the word "retaliation" during his three step grievance process, the precise word is not talismanic. What is important for exhaustion purposes is that the Plaintiff's Step I problem statement gave Defendants "notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim." *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003).  This Court finds that Mr. Beedle's grievance statements was enough to put Defendants on notice of Mr. Beedle's constitutional claim of retaliation.  Accordingly, Defendants Krug and JCF Health Care's Motion to Dismiss [30] is **DENIED** and Defendant Doane's Joinder [33] is also **DENIED**.

The Court requests that *pro bono* counsel be provided to Plaintiff to assist him in presenting his claims.

**IT IS SO ORDERED.**

s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  November 28, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 28, 2005, by electronic and/or ordinary mail.

s/Theresa E. Taylor
Case Manager