UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY BEEDLE,

        Plaintiff,                          CIVIL ACTION NO. 05 CV 70430 DT

        v.                                 DISTRICT JUDGE ARTHUR J. TARNOW

DR. DEMASI, *et al.*,                MAGISTRATE JUDGE VIRGINIA M. MORGAN

        Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.  Introduction**

This matter comes before the court on Defendants Debra Krug and G. Robert Cotton Correctional Facility Health Care's Rule 56(b) Motion for Summary Judgment. For the reasons stated below, the court recommends that the motion be **DENIED WITHOUT PREJUDICE**.

**II.  Background**

The facts of this matter, as alleged in the complaint, have been fully addressed in the court's prior opinions and need not be rehashed in detail here. To summarize briefly, plaintiff contends that the moving defendants refused to provide him with copies of his medical records and thereby violated his First Amendment right to access the courts and his Fourteenth Amendment due process rights. Plaintiff also contends that defendants withheld the records in retaliation for his exercise of his right to access the courts.

Defendants filed a prior motion to dismiss in which they claimed that plaintiff failed to exhaust his administrative remedies prior to filing suit, as required under 42 U.S.C. § 1997e(a). Defendants also raised several other grounds for dismissal. The court concluded that dismissal was warranted based upon plaintiff's failure to totally exhaust his administrative remedies and thus declined to reach defendants' remaining arguments. The district court rejected this court's recommendation, concluding that plaintiff had fully exhausted his administrative remedies with respect to the claims against the moving defendants.

Following the district court's rejection of this court's recommendation, defendants filed the present motion for summary judgment. In the motion, defendants reassert the substantive arguments they raised in the prior motion for summary judgment.

**III.  Discussion**

**A.  Freedom of Information Act as Basis for Constitutional Claim**

Defendants' first contend that plaintiff cannot maintain a claim under 42 U.S.C. § 1983 based upon a refusal to provide information requested under the Michigan Freedom of Information Act (FOIA) because a denial of a FOIA request, even if wrongful, does rise to the level of a constitutional violation. In support of their argument, defendants cite Yeoman v. Thompson, 42 F.3d 1390 (Table), 1994 WL 683956 at *3 (6th Cir. (Mich.)), in which the Sixth Circuit affirmed the dismissal of an inmate's § 1983 claim based upon the defendants' denial of his FOIA request on the ground that the plaintiff "has not alleged a deprivation of a right secured by the Constitution or laws of the United States."

If plaintiff had merely alleged that defendants denied a FOIA request and that he was seeking redress for such denial under § 1983, the court would agree that plaintiff had failed to state an actionable constitutional claim.  However, plaintiff does not merely allege that defendants violated FOIA in refusing to honor his requests for copies of his medical records. Rather, plaintiff plainly alleges in his complaint that defendants, by their refusal to honor his requests for his medical records, violated his due process rights, his right to access the courts, and his right to be free of retaliation for exercising his First Amendment rights.  Thus, plaintiff has alleged constitutional deprivations for which he may seek relief under § 1983.

### B.  Remaining Arguments

In their initial motion to dismiss, defendants, in addition to raising the exhaustion issue, also presented the following arguments: (1) plaintiff did not have a liberty or property interest in his medical records for purposes of raising a procedural due process claim, (2) plaintiff did not allege sufficient facts to state a claim of retaliation on which relief could be granted, (3) defendants were entitled to Eleventh Amendment immunity, (4) defendant Krug was entitled to qualified immunity.  As noted above, the court determined that plaintiff's suit was subject to dismissal for failure to exhaust administrative remedies and did not address these arguments. Defendants incorporated these arguments in the present motion by reference and again seek dismissal on these grounds.

The court recognizes that the Michigan Attorney General, who represents the moving defendants in this matter, faces a substantial burden in responding to prisoner civil rights suits, many of which are frivolous.  But that burden does not relieve the Attorney General of the

obligation to present the court with proper arguments that are well-developed and supported by reference to applicable portions of the record and to relevant case law.  Defendants' first argument for dismissal – that plaintiff could not make out a constitutional claim based upon an alleged FOIA violation – was, in the court's view, wholly lacking in merit.  The remaining arguments, which comprised only three pages of defendants' original brief, were raised in the most conclusory fashion, with little or no analysis.  The Sixth Circuit has consistently recognized that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argument, are deemed waived.  It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to...put flesh on its bones." McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir. 1997)(citations omitted).  That is precisely what defendants have done in this matter – presented their arguments in the most skeletal way, apparently hoping that the court might embrace one or more of those arguments and perform the necessary analysis.  Defendants' brief in this matter is wholly insufficient to place the arguments identified above squarely before the court for adjudication.  The court also notes that plaintiff, who is now represented by counsel, did not address the bulk of those arguments in his brief in response to the present motion for summary judgment.  The court would prefer to have full briefing from both sides before resolving these issues.

## IV.  Conclusion

   For the reasons stated above, the court recommends that Defendants Debra Krug and G. Robert Cotton Correction Facility Health Care's Rule 56(b) Motion for Summary Judgment be **DENIED WITHOUT PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

     s/Virginia M. Morgan
     VIRGINIA M. MORGAN
Dated:  July 17, 2006     UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY BEEDLE,

        Plaintiff,                  CIVIL ACTION NO. 05 CV 70430 DT

   v.                             DISTRICT JUDGE ARTHUR J. TARNOW

DR. DEMASI, *et al.*,             MAGISTRATE JUDGE VIRGINIA M. MORGAN

        Defendants.
_____/

**PROOF OF SERVICE**

The undersigned certifies that the foregoing Report and Recommendation was served upon counsel of record via the Court's ECF System and/or U. S. Mail on July 17, 2006.

                                                  s/Jennifer Hernandez
                                                  Case Manager to
                                                  Magistrate Judge Virginia M. Morgan