UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY BEEDLE,

        Plaintiff,                      CIVIL ACTION NO. 05-70430

    v.                             DISTRICT JUDGE ARTHUR J. TARNOW

DR. DEMASI, *et al.*,             MAGISTRATE JUDGE VIRGINIA M. MORGAN

        Defendants.
_____/

## REPORT AND RECOMMENDATION

### I. Introduction

This prisoner civil rights matter comes before the court on defendant Dr. Rocco DeMasi's motion to dismiss pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies. For the reasons stated below, the court recommends that the motion be **DENIED**.

### II. Background

On June 3, 2005, this court issued a Report and Recommendation in which it recommended that plaintiff's Eighth Amendment claims against former defendants Correctional Medical Services (CMS) and Dr. Craig Hutchinson, a CMS employee, be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief could be granted. CMS moved for dismissal on both the merits and on the ground that plaintiff had failed to

-1-

administratively exhaust his claims prior to filing suit, as required by 42 U.S.C. § 1997e(a). In accordance with 42 U.S.C. § 1997e(c)(2)[1], the court declined to reach the question of administrative exhaustion, recommending instead that the claims be dismissed on the merits. The district court subsequently entered an order adopting the recommendation. Accordingly, CMS and Dr. Hutchinson are no longer defendants in this matter.

In a Report and Recommendation dated July 1, 2005, the court addressed the question of administrative exhaustion, concluding that plaintiff had not totally exhausted his administrative remedies with respect to the remaining claims in the action and, therefore, that the action should be dismissed in its entirety pursuant to the total exhaustion rule announced in Bey v. Johnson, 407 F.3d 801 (6th Cir. 2005).[2] In that Report and Recommendation, the court also concluded that plaintiff had established administrative exhaustion of his Eighth Amendment claims against Dr. DeMasi. Though Dr. DeMasi had not yet appeared in the matter, the court reached the question of whether the claims against him had been exhausted for the purpose of determining whether plaintiff had met the total exhaustion requirement of Bey.[3]

---

[1] 42 U.S.C. § 1997e(c)(2) states the following:
In the event that a claim is, on its face, frivolous, malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.

[2] The district court disagreed, concluding that plaintiff had totally exhausted his administrative remedies as to the remaining claims.

[3] The docket reflects that Dr. DeMasi was served on May 12, 2006, and that he filed his answer on May 25, 2006.

Dr. DeMasi now moves to dismiss plaintiff's complaint on the ground that he has failed to satisfy the total exhaustion requirement of Bey. Dr. DeMasi does not object to the court's prior finding that plaintiff exhausted his claims against Dr. DeMasi. Rather, Dr. DeMasi claims that plaintiff failed to exhaust his claims against CMS and/or Dr. Hutchinson and that dismissal is therefore warranted pursuant to Bey. Thus, Dr. DeMasi asks the court to go back and examine the question of exhaustion with respect to claims against other defendants that were dismissed on the merits earlier in the litigation.

### III. Discussion

Dr. DeMasi seeks dismissal of plaintiff's complaint pursuant to 42 U.S.C. § 1997e(a), which provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until administrative remedies as are available are exhausted.

The exhaustion requirement of § 1997e(a) "applies to all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 992 (2002). The prisoner bears the burden of establishing exhaustion under § 1997e(a). Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1998). In order to carry that burden, the prisoner must allege that he exhausted all available administrative remedies and must either attach documentation to his complaint showing the administrative disposition of any grievances he filed or describe the administrative proceedings and the outcome thereof with specificity. Knuckles El v. Toombs, 215 F.3d 640,

642 (6th Cir. 2000). Further, "a prisoner must administratively exhaust his or her claim as to each defendant associated with the claim." Burton v. Jones, 321 F.3d 569, 575 (6th Cir. 2003).

In order for a Michigan inmate to exhaust his administrative remedies, he must utilize the Michigan Department of Corrections' three-step grievance process. In Poor v. Grayson, 46 Fed.Appx. 825, 826, 2002 WL 31085179 *1 (6th Cir.(Mich.)),[4] the Sixth Circuit discussed this process:

> A Michigan prisoner's administrative remedies are set forth at Michigan Department of Corrections Policy Directive ("MDOC PD") No. 03.02.130 (October 11, 1999), which provides for a three-level written grievance procedure to be used after a prisoner attempts to verbally resolve an issue. At Step I, the prisoner files a grievance with the Step I grievance coordinator, who assigns someone to respond. *See* MDOC PD No. 03.02.130(T). If the prisoner does not receive a timely response or is dissatisfied with the response at Step I, the prisoner may file a Step II appeal with the Step II grievance coordinator. *See id.* Likewise, if the prisoner does not receive a timely Step II response or is dissatisfied with the response, the inmate may file a Step III appeal with MDOC's Prisoner Affairs Section. *See id.* A prisoner may bypass Steps I and II and file a Step III grievance if the matter concerns "racial or ethnic discrimination and staff brutality or corruption." *See* MDOC PD No. 03.02.130(II). The prison's response at Steps I and II shall be sent to the prisoner within 15 business days, unless an extension is granted. *See* MDOC PD No. 03.02.130(CC), (FF). The entire process from filing a Step I grievance to the Step III response shall be completed within 90 calendar days, absent an extension. *See* MDOC PD No. 03.02.130(V).

In Grievance No. JCF041002401028A, which was attached to plaintiff's complaint, plaintiff stated the following: "On June 6, 2003, MSP (JJ Shaw) noted that I was supposed to be

---

[4]PD No. 03.02.130 was amended after Poor v. Grayson was decided. However, the grievance process, as discussed therein, remains the same.

receiving physical therapy 3 times a week for 2 months.  However, on June 10, 2003, Dr. DeMasi stated that the CMS Director had denied payment for physical therapy for 3 times a week, and authorized payment for only one time a week for three weeks." Dr. Hutchinson's and/or CMS' alleged failure to authorize appropriate physical therapy was the basis of plaintiff's Eighth Amendment claim against them.  Thus, plaintiff gave fair notice of the substance of his claim in the grievance, which he appealed through all three steps of the MDOC's grievance process.

Further, while plaintiff did not identify Dr. Hutchinson by name in the grievance, plaintiff identified him by title.  Dr. DeMasi does not deny that Dr. Hutchinson is CMS' medical director. Certainly, there is no substantive difference between identifying a defendant by name or by his correct title.  Either method of identification is adequate to give notice to the individual that a grievance has been filed against him.  See Skinner v. Unknown Grandson, 2006 WL 1997392 at *6 (E.D.Mich, July 14, 2006)("The purpose of the exhaustion requirement is to give notice to prison officials of the inmates' claims so that the complaints can be resolved by prison administrators in the first instance... Identifying a particular individual accomplishes this purpose, regardless of whether the individual is identified by his name, position, or other information in the grievance"); Harrington v. Smolinski, 2006 WL 549383 (W.D.Mich. March 6, 2006)(identification of defendant as "Classification Director" rather than by name sufficient for exhaustion purposes); see also Thomas v. Woolum, 337 F.3d 720, 734 (6th Cir. 2003)(plaintiff need not identify each defendant by name in grievance where identities of particular defendants unknown).  Plaintiff's reference to the "CMS Director" constituted sufficient identification of

Dr. Hutchinson for exhaustion purposes. Moreover, an organization such as CMS can only act through its agents. A grievance alleging wrongdoing by the "CMS Medical Director" is, in the court's view, sufficient to constitute a grievance against CMS itself.

Based on the foregoing, the court concludes that plaintiff administratively exhausted his claims against CMS and Dr. Hutchinson, and thus recommends that Dr. DeMasi's motion be denied. However, the court would recommend that Dr. DeMasi's motion be denied even if plaintiff had failed to exhaust his claims against Dr. Hutchinson and CMS. Again, Dr. DeMasi asserts that this matter should be dismissed based upon plaintiff's failure to exhaust claims brought against other defendants that have already been dismissed on the merits pursuant to 42 U.S.C. § 1997e(c)(2). It would be a novel application of the "total exhaustion" rule to permit a defendant against whom a valid and administratively exhausted claim has been alleged to take advantage of an inmate's failure to exhaust a facially meritless claim that was dismissed on the merits early in the case. Dr. DeMasi cites no authority providing that the total exhaustion rule requires dismissal under such circumstances, and the court is disinclined to extend the benefits of the rule to Dr. DeMasi under these circumstances.

The court's reluctance to extend the benefits of the total exhaustion rule to Dr. DeMasi is informed by the fact that the validity of that rule is in question. In Spencer v. Bouchard, 449 F.3d 721, 727 (6th Cir. 2006), a Sixth Circuit panel concluded that the total exhaustion rule announced in Bey was handed down in error because the Sixth Circuit had, prior to Bey, adopted a partial exhaustion rule in Hartsfield v. Vidor, 199 F.3d 305 (6th Cir. 1999), and had reaffirmed the rule in Burton v. Jones, 321 F.3d 569, 575 (6th Cir. 2003). Given the tension between these

cases, Spencer likely will not be the last word heard in this circuit or district on this issue. Indeed, in a recent Report and Recommendation, which was adopted by Judge Rosen, Magistrate Judge Whalen expressed his belief that Spencer was decided in error and that he was duty bound to continue following the total exhaustion rule of Bey. See Alexander v. Jackson, ___ F.Supp.2d ___, 2006 WL 1997140 (E.D.Mich. July 14, 2006). Mercifully, the Supreme Court has granted certiorari to bring finality to the total exhaustion/partial exhaustion debate, which has consumed considerable judicial resources. See Williams v. Overton, ___ U.S. ___, 126 S.Ct. 1463, 164 L.Ed.2d 246 (2006); Jones v. Bock, ___ U.S. ___, 126 S.Ct. 1462, 164 L.Ed.2d 246 (2006). In any event, the court concludes that Dr. DeMasi is not entitled to dismissal even under the more stringent total exhaustion rule. Thus, the court need not address this issue.

## IV. Conclusion

For the reasons stated above, the court recommends that Dr. DeMasi's motion to dismiss be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir.

2:05-cv-70430-AJT-VMM   Doc # 75   Filed 08/22/06   Pg 8 of 8   Pg ID 764

1991); <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                        S/VIRGINIA M. MORGAN
                                        VIRGINIA M. MORGAN
                                        UNITED STATES MAGISTRATE JUDGE

Dated: <u>August 22, 2006</u>

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing Report and Recommendation was served upon counsel of record via the Court's ECF System and/or U. S. Mail on August 22, 2006.

                                        <u>s/Kendra Byrd</u>
                                        Case Manager to
                                        Magistrate Judge Virginia M. Morgan